IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA for Use and
Benefit of VULCAN MATERIALS COMPANY; and
VULCAN CONSTRUCTION MATERIALS, LP,
SOUTHERN AND GULF COAST DIVISION                                    PLAINTIFFS

vs.                                                                  No. 1:05CV47-D-A

McLEA DEVELOPERS, INC.; et al.                                       DEFENDANTS

<u>OPINION</u>

On February 9, 2005, the Plaintiffs instituted this Miller Act[1] action, asserting a claim for payment for unpaid invoices for crushed stone it provided to the Defendants in connection with a construction project at the Columbus Air Force base installation in Columbus, Mississippi. The court finds that it has jurisdiction of this cause pursuant to 40 U.S.C. § 3131, *et seq.* A bench trial in this matter was convened and completed on April 30, 2007, in Aberdeen, Mississippi.

Having carefully considered the testimony and exhibits presented at trial along with the parties' pre-trial submissions, the court finds as follows: (1) the Plaintiff (Vulcan Materials) supplied materials for the subject project, which was a federal project subject to the Miller Act; (2) Vulcan Materials is entitled to payment in the amount of $27,291.40 plus interest from the Defendant McLea Developers, Inc. for unpaid invoices for crushed stone; (3) this sum shall be remitted to Vulcan via the funds that Ellis Construction has interpled into the court registry, thus satisfying this judgment; and (4) each party shall bear its own attorneys' fees and litigation expenses.

---

[1] The Miller Act, 40 U.S.C. § 3131, *et seq.*, provides a federal cause of action to those who furnish labor or materials for use on federal projects and are subsequently not paid for their supplied labor or materials.

Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the court issues the following findings of fact and conclusions of law.

## A. Factual Background

In 2004, Ellis Construction Company, Inc., a former party to this litigation, was the general contractor on a federal project to re-pave a street (Simlar Boulevard) located on the Columbus Air Force Base in Columbus, Mississippi; Ellis' bonding company for the project was National Fire Insurance Company of Hartford, also a former party to this litigation. The Defendant McLea Developers, Inc. was one of several sub-contractors on the Simlar project. Mike Leach was the corporate Treasurer and Secretary for McLea Developers and also personally served as a sub-contractor to McLea Developers. Leach was also married to McLea Developer's owner (Maria Leach) and shared office space and telephone/fax lines with her and McLea Developers.

Mike Leach contracted with the Plaintiff Vulcan to furnish crushed stone for the Simlar re-paving project. Vulcan provided all requested crushed stone and sent invoices to Leach which have not been paid in full. In accordance with the notice requirements set forth in the Miller Act, Vulcan notified Ellis Construction (the general contractor) that Vulcan had not been paid for the crushed stone it provided for the project via Leach. Ellis subsequently advised Leach that it had received the notice from Vulcan and was thus withholding payment from McLea Developers in the amount of $27,291.40 (which was subsequently interpled into the court registry in this action).

This litigation followed, with Vulcan filing its complaint on February 9, 2005, and asserting a claim for payment pursuant to the Miller Act.

## B. Discussion

In order for a supplier of material on a federal project to recover under the Miller Act, it must

have a direct contractual relationship, express or implied, with either the general contractor of the project or one of the general contractor's subcontractors. 40 U.S.C. § 3133. In addition, the Miller Act requires that any such supplier, before suit can be brought, give written notice to the general contractor of the project within 90 days from the date on which the supplier supplied the last of the material for which the claim is made. 40 U.S.C. § 3133. The Miller Act is to be construed liberally and is intended to be highly remedial. J.W. Bateson Co., Inc. v. United States *ex rel.* Bd. of Trustees of the Nat'l Automatic Sprinkler Indus. Pension Fund, 434 U.S. 586, 594, 98 S.Ct. 873, 877-78, 55 L. Ed 2d 50 (1978).

Here, Vulcan was a supplier of crushed stone for a federal project and had at least an implied direct contractual relationship with one of Ellis Construction's sub-contractors on the Simlar project, McLea Developers, because: (i) that company's Treasurer and Secretary, Mike Leach, ordered the Vulcan-supplied crushed stone for the Simlar project; and (ii) McLea Developers subsequently paid thirteen invoices from Vulcan for the Simlar crushed stone with four separate checks Mike Leach signed on McLea Developers' corporate checking account. While Leach applied for credit with Vulcan under the name "Leach Construction" and now asserts that he was ordering the materials on behalf of himself as a sub-contractor of McLea Developers and not on behalf of McLea itself, the court notes that he requested that payments from the general contractor on the project, Ellis, be made payable to "McLea Developers d/b/a Leach Construction;" Leach also made the four aforementioned payments on this specific Vulcan account (going so far as to specify on each check the account number to which the payments were to be applied) totaling $63,334.79 with checks drawn on McLea Developers, Inc.'s checking account and signed the checks himself. Given this evidence, and the fact that Leach shared office space with McLea, used the same phone number, and was married to

McLea's owner, the court finds that Vulcan Materials had at least an implied direct contractual relationship with McLea Developers, a subcontractor on the Simlar project.

As for the Miller Act's requirement that notice of non-payment be provided to a project's general contractor, Vulcan provided Ellis Construction with written notice of Vulcan's claim against Leach (a/k/a "McLea Developers d/b/a Leach Construction") on April 30, 2004, advising Ellis that Vulcan was owed funds for crushed stone and that the last date stone was supplied by Vulcan for the Simlar project was February 10, 2004. The court finds that this notice is sufficient to meet the Miller Act's notice requirement and that the notice was timely. United States for the use and benefit of Jinks Lumber Co., Inc. v. Federal Insurance Co., 452 F.2d 485, 487-88 (5th Cir. 1971). Suit was then properly and timely filed on February 9, 2005, within the Miller Act's one year limitations period.

Because the Defendant McLea Developers does not dispute that Vulcan is owed the sum it asserts it is owed, and the Defendant's sole arguments against Vulcan's entitlement to the interpled funds revolve around the relationship between Vulcan and McLea, and whether proper notice was given to Ellis from Vulcan concerning non-payment, the court finds for the foregoing reasons that McLea Developers is liable to Vulcan for payment in full for the subject crushed stone. Because Ellis Construction has interpled the full owed amount into the court registry, the court finds that Vulcan is entitled to those funds in satisfaction of this judgment and that an award of attorneys' fees is not warranted based on the evidence presented at the trial of this matter. See, e.g., United States for use of Varco Pruden Bldgs. v. Reid & Gary Strickland Co., 161 F.3d 915, 918 (5th Cir. 1998) (holding that attorneys' fees cannot be awarded in Miller Act claims absent enforceable contract

provision providing for fees or evidence of bad faith).

      A separate judgment in accordance with this opinion shall issue this day.

      This the 3rd day of May 2007.

<u>/s/ Glen H. Davidson</u><br>
Chief Judge